UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                                                              :
                                            Applicant,             :
                                                                              :
        -against-                                                   :
                                                                              :  Case No.
ADAGIO MANUFACTURING, INC.,                     :
CCS HEALTH CARE LLC,                                  :  ECF CASE
CLEARVIEW CONSTRUCTION I, INC.,             :
CLEARVIEW HOSPITALITY LLC,                      :
DEEP SOUTH CAPITAL LLC,                            :
FUSELIER & COMPANY INC.,                           :
FUSELIER BRIDGE CAPITAL LLC,                    :
INTEGRATED FREIGHT CORP.,                       :
DAVID N. FUSELIER,                                       :
NEW LEAF BRANDS, INC.                                :
                                                                              :
                                            Respondents.        :
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS

Michael D. Birnbaum
Securities and Exchange Commission
New York Regional Office
Brookfield Place, 200 Vesey St., Rm. 400
New York, New York 10281-1022
(212) 336-0523
BirnbaumM@sec.gov

Of Counsel:   Amelia A. Cottrell
                        Adam S. Grace

The Securities and Exchange Commission ("Commission") respectfully submits this memorandum of law in support of its Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas ("Application"). For the reasons set forth below, and in the accompanying Declaration of Melissa A. Coppola dated March 3, 2015 ("Coppola Decl.") and the exhibits thereto, the Commission respectfully requests that the Court enter an order, in the form attached to the Application, directing respondents Adagio Manufacturing Inc., CCS Health Care LLC, Clearview Construction I, Inc., Clearview Hospitality, LLC, Deep South Capital LLC, Fuselier & Company Inc., Fuselier Bridge Capital LLC, Integrated Freight Corp., David N. Fuselier, and New Leaf Brands, Inc. (collectively, "Respondents") to comply with the investigative subpoenas (the "Subpoenas") the Commission lawfully issued and served on them.

## PRELIMINARY STATEMENT

The Commission is investigating possible violations of the Securities Act of 1933 ("Securities Act") and Securities Exchange Act of 1934 ("Exchange Act") by New Leaf Brands, Inc. ("New Leaf"). According to New Leaf's public statements, the company was able acquire another company in 2013 and obtain $4 million in additional financing in 2014 despite facing considerable financial difficulties and lacking audited financial statements. As part of its investigation into possible securities law violations by New Leaf, the Commission issued ten subpoenas for documents, one each to David N. Fuselier—New Leaf's CEO—to New Leaf itself, and to eight entities affiliated with New Leaf or Fuselier. The Subpoenas seek documents concerning financing arrangements among the entities and the relevant New Leaf acquisition that will assist the Commission staff in testing the accuracy of New Leaf's public statements in order to determine whether New Leaf or any affiliated entities or individuals violated the federal securities laws.

The Commission seeks relief from this Court because it has been unable to secure compliance from Respondents through any other means. New Leaf has failed to produce a single document in response to a subpoena issued to it more than five months ago on September 26, 2015, and the remaining Respondents' productions have been woefully incomplete. For example, Respondents' limited productions refer to attachments and various supporting documents—such as agreements and financial records—that have not been produced, and not a single email has been produced despite counsel to Respondents' acknowledgement that potentially relevant emails do exist. As detailed below, the Commission staff has sought to work with Respondents to secure their compliance in a minimally burdensome, but timely, fashion, and in a final effort to avoid burdening the Court with this Application, the staff agreed to wait until February 23, 2015 for Mr. Fuselier to, as he pledged to do, "respond [to the staff's communications] to let you know what can be delivered timely and what we do not possess or can not produce." To date, Mr. Fuselier has provided no such response to our requests, let alone any supplemental production on behalf of himself or any of the subpoenaed entities. Accordingly, the Commission respectfully requests that the Court (i) order Respondents to show cause why they should not comply fully with the Subpoenas, and (ii), absent a compelling showing by Respondents in response to such an Order, issue an order, pursuant to Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c), requiring such compliance without additional delay.

## STATEMENT OF FACTS

A. **RESPONDENTS**

- **David Fuselier**, age 55, is a resident of Brookfield, Connecticut.
- **New Leaf Brands, Inc.** ("New Leaf") is a Nevada company with a principal place of business in Southbury, Connecticut. David N. Fuselier is New Leaf's CEO.

2

- **Adagio Manufacturing, Inc.** ("Adagio") is a New York company with a principal place of business in Southbury, Connecticut. David N. Fuselier is Adagio's CEO and Chairman.

- **CCS Health Care LLC** ("CCS Health Care") is an Alaskan company with a principal place of business in Anchorage, Alaska that is owned by David N. Fuselier.

- **Clearview Construction I, Inc.** is a Delaware company with a principal place of business in Southbury, Connecticut. David N. Fuselier is Clearview Construction I, Inc.'s President.

- **Clearview Hospitality LLC** is a Louisiana company with a principal place of business in Southbury, Connecticut. David N. Fuselier has identified his title at Clearview Hospitality LLC as a "Member."

- **Deep South Capital LLC** ("Deep South") is a Lousiana company with a principal place of business in Pineville, Louisiana. David N. Fuselier was, at times relevant to this Application, a signatory on at least one of Deep South's bank accounts.

- **Fuselier & Company Inc.** is a New York company with a principal place of business in Southbury, Connecticut. David N. Fuselier is Fuselier & Company, Inc.'s President and a Managing Director.

- **Fuselier Bridge Capital LLC** is a Louisiana company with a principal place of business in Southbury, Connecticut. David N. Fuselier is Fuselier Bridge Capital LLC's Managing Principal.

- **Integrated Freight Corp.** is a Florida company with a principal place of business in Bradenton, Florida. David N. Fuselier is the Integrated Freight Corp.'s CEO and Chairman of its Board of Directors.

B.  THE COMMISSION'S INVESTIGATION

The Commission staff issued Subpoenas to each of the Respondents on September 26, 2014 with return dates of October 10, 2014. (Coppola Decl. ¶ 16.) The subpoenas for Respondents New Leaf and Fuselier were served upon Frank Hariton, Esq. counsel for those Respondents, who had previously informed the staff that he was authorized to accept service on those Respondents' respective behalf. (*Id.*) The balance of the Subpoenas was served upon Respondent Fuselier pursuant to his representation that he was authorized to accept service for those Respondents. (*Id.*) The Subpoenas were issued pursuant to a formal order of investigation ("Formal Order") issued by the Commission on October 7, 2013 and supplemented on January 24, 2014 and March 26, 2014. The Formal Order states that "the Commission has information that tends to show that from at least January 2012," New Leaf Brands, Inc. may have violated provisions of the federal securities relating to its public disclosures and its obligations to maintain books and records and a system of internal accounting controls. (*Id.* ¶ 14.)

C.  THE INVESTIGATIVE SUBPOENAS

The Subpoenas all call for the following targeted categories of documents relevant to the Commission's investigation: (i) documents concerning Respondents' financial transactions, (ii) books and records maintained by Respondents, including financial statements and general ledgers, (iii) documents sufficient to determine relationships among Respondents and possible affiliates, and (iv) documents identifying officers, directors and others with authority to bind certain of Respondents and their affiliates. (Ex. A.[1]) The Commission seeks these particular documents because information currently available to the staff suggests (i) New Leaf's CEO, David N. Fuselier, may have had a relationship with one or more of the lenders who provided

---

[1] References to Exhibits are to the exhibits attached to the accompanying March 3, 2015 Coppola Declaration.

4

financing to New Leaf, and (ii) Fuselier moved monies between New Leaf and other entities with which he was affiliated. (Coppola Decl. ¶ 15.) The Subpoenas call for documents that should clarify Respondents' relationships with each other and with certain lenders, which in turn may shed light on the potential related party nature of the New Leaf financing arrangements and the reason for money flow observed between New Leaf and certain other entities. (Ex. A.)

**D.     RESPONDENTS' FAILURE TO COMPLY WITH THE SUBPOENAS**

More than five months have passed since Respondents were served with the Commission's properly authorized Subpoenas, and the overwhelming majority of the documents called for by the Subpoenas have still not been produced. (*Id.* ¶¶ 34-35.) After many weeks of asking for—or in some cases simply taking—more time to produce the requested materials (*id.* ¶¶ 18-23), some Respondents—namely, CCS Health Care LLC, Fuselier & Company Inc., Fuselier Bridge Capital LLC and Integrated Freight Corp., Clearview Hospitality, LLC and Clearview Construction I, Inc.—produced a limited number of documents on November 3, 2014 and December 19, 2014. (*Id.* ¶¶ 24, 31.)

Following the December 19, 2014 productions, which were accompanied by a letter acknowledging that the production was incomplete and promising more documents to come, the Commission staff sent numerous emails to counsel for all Respondents seeking additional discovery, but each of those emails went unanswered. (*Id.* ¶¶ 32, 33.) Finally, counsel for Respondents answered a telephone call from the staff on February 3, 2015, and after the staff conveyed its intention to seek judicial intervention if Respondents continued to ignore their obligation to comply with the Subpoenas, several Respondents produced additional documents on February 9, 2015. (*Id.* ¶¶ 33, 34.)

As Mr. Fuselier has acknowledged in an email to the Commission staff, many documents

responsive to the Subpoenas remain unproduced. (*Id.* ¶ 39.) New Leaf, for one, has not produced a single document to date. (*Id.* ¶ 35.) What few documents the Respondents have produced to date comprises limited financial information, including Quickbooks excerpts, a share purchase agreement involving one of the subpoenaed entities, and cover letters summarizing certain information for which few supporting materials were produced. (*Id.* ¶ 34.) Mr. Fuselier assured the Commission staff that he would send, by Monday, February 23, 2015 a list of materials Respondents could produce and would endeavor to produce those materials later the same week, but the week has passed with neither a communication from Mr. Fuselier nor any additional production from any Respondent. (*Id.* ¶¶ 39, 40.)

## ARGUMENT

### I. THE SUBPOENAS SATISFY ALL REQUIREMENTS FOR ENFORCEMENT

As the United States Supreme Court has explained, the Commission has "broad authority to conduct investigations into possible violations of the federal securities laws and to demand the production of evidence relevant to such investigations." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984); *see also* 15 U.S.C. § 78u(a)(1). Section 21(c) of the Securities Exchange Act of 1934 authorizes the Commission to seek an order from this Court compelling Respondents to comply with the Subpoenas.[2] *See* 15 U.S.C. § 78u(c). "The courts' role in a proceeding to enforce an administrative subpoena is extremely limited," and courts should enforce such subpoenas if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *RNR Enters., Inc. v. SEC*, 122 F.3d 93, 96–97 (2d Cir. 1997) (affirming order directing compliance with Commission subpoenas)

---

[2] Venue properly lies in the Southern District of New York because this District is "the jurisdiction [in] which [the] investigation . . . is carried on." 15 U.S.C. § 78u(c). Coppola Decl. ¶ 16 (investigation conducted, and subpoenas issued, by staff in Commission's New York Regional Office).

6

(quotations omitted); *see also SEC v. Stilwell*, No. 14-mc-257 (ALC), 2014 WL 4631915, at *1 (S.D.N.Y. Sep. 11, 2014) (granting Commission's application to enforce subpoena *ad testificandum* and noting Court's "'extremely limited' role" in subpoena enforcement proceedings) (citations omitted).

To obtain an order enforcing the Subpoenas under Section 21(c), the Commission must meet four requirements: "[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commission['s] possession, and [4] that the administrative steps required ... have been followed." *RNR Enters.*, 122 F.3d at 96–97 (quoting *United States v. Powell*, 379 U.S. 48, 57–58 (1964)); *see also SEC v. Arthur Young & Co.*, 584 F.2d 1018, 1021, 1024 (D.C. Cir. 1978) (affirming enforcement of Commission subpoenas). "An affidavit from a governmental official is sufficient to establish a *prima facie* showing that these requirements have been met." *RNR Enters.*, 122 F.3d at 97 (citation omitted). Once the Commission has made a *prima facie* showing, Respondents can defeat the enforcement of the Subpoenas only by demonstrating that the Subpoenas are "unreasonabl[e]," "issued in bad faith or for an improper purpose," or "that compliance would be unnecessarily burdensome." *Id.* (quoting *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973)) (internal quotation marks omitted).

The Commission satisfies each of the four requirements for enforcement of the Subpoenas. First, the New Leaf investigation is being conducted pursuant to a legitimate purpose. As set forth in the Commission's Formal Order, the investigation is being conducted to determine whether New Leaf or any affiliated entities or individuals violated certain enumerated provisions of the Securities Act of 1933 and Securities Exchange Act of 1934. This is precisely

7

the kind of investigation courts in the Circuit routinely find to be for a legitimate purpose in subpoena enforcement actions. *See RNR Enters.*, 122 F.3d at 97 (finding a legitimate purpose exists where a "Formal Order indicates that it was issued because the SEC had information suggesting that securities laws had been violated in connection with [an] offering and sale of [securities]"); *SEC v. Finazzo*, 543 F. Supp. 2d 224, 227 (S.D.N.Y. 2008) (subpoenas issued for "a legitimate purpose" where Commission sought to "determine whether any individual or entity violated the securities laws"), *aff'd*, 360 Fed. Appx. 169 (2d. Cir. 2009).

Second, the documents the Commission seeks are relevant to the New Leaf investigation. To satisfy this requirement, the Commission need only show that the information sought is "not plainly incompetent or irrelevant to any lawful purpose." *Arthur Young & Co.*, 584 F.2d at 1029 (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)). As described above, the Subpoenas seek documents concerning Respondents' financial transactions and related materials necessary for the Commission staff to ascertain whether certain of New Leaf's public disclosures were false or otherwise misleading, whether New Leaf timely filed required reports, and whether the company satisfied its obligations to maintain sufficient internal controls and books and records. (*Supra* at C.) That the Formal Order does not name each specific Respondent does not present any hurdle where the documents sought from those entities related to the investigation described in the Formal Order. *See RNR Enters.*, 122 F.3d at 97 (enforcing subpoenas where Formal Order did not name particular respondents but did describe "companies of a specific and discrete type" that included respondents).

Third, notwithstanding the small subset of requested documents the staff has received from Respondents and other sources—including Integrated Freight Corp.'s auditors—the staff does not already have most of the documents the Subpoenas seek. (Coppola Decl. ¶ 41.)

Fourth, the Subpoenas were issued in accordance with "the administrative steps required." *RNR Enters.*, 122 F.3d at 96–97 (quoting *Powell*, 379 U.S. at 57–58). The Subpoenas were issued by Commission counsel authorized by the Formal Order to issue subpoenas in the New Leaf Investigation. Exchange Act Section 21(b), 15 U.S.C. § 78u(b) (authorizing the Commission to issue subpoenas during the course of an investigation); (Coppola Decl. ¶¶ 14, 16.) The Commission also properly served the Subpoenas on Respondents. (*Id.*)

Because the Commission has met each of the four requirements for enforcement of its Subpoenas, the Court should require Respondents to comply with them.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court order Respondents to show cause why they should not comply with the Subpoenas and order Respondents to comply with the Subpoenas promptly.

Dated: March 3, 2015
       New York, New York

SECURITIES AND EXCHANGE COMMISSION

By: /s/ Michael D. Birnbaum

Michael D. Birnbaum
Securities and Exchange Commission
New York Regional Office
Brookfield Place, 200 Vesey St., Rm. 400
New York, New York 10281-1022
(212) 336-0523
BirnbaumM@sec.gov

Of Counsel: Amelia A. Cottrell
               Adam S. Grace